UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Marshall Rinkenberger,

Plaintiff,

vs. ORDER

City of Clearwater,

Defendant. Civ. No. 00-1609 (RHK/RLE)

* * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 19th day of July, 2000.

* * *

The above-entitled matter is before the undersigned United States Magistrate Judge upon routine supervision of cases filed in this District, and upon a general assignment made in accordance with Title 28 U.S.C. §636(b)(1)(A).

This matter was initiated on July 7, 2000, by the filing of a Complaint with the Clerk of Court, together with an Application to proceed *in forma pauperis*. We have reviewed the Complaint, and the Application, and found several deficiencies.

First, the Plaintiff has failed to include the requisite completed United States Marshal Service Form, for the named Defendant. Second, and along a similar vein, he has failed to include a copy of his Complaint, to be served upon the named

FILED JUL 19 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Defendant. While we recognize that the Plaintiff has submitted an Application to proceed in forma pauperis, this entitlement does not embrace either the costs of making copies, nor the completion of Marshal Service Forms by Court personnel. Accordingly, the Plaintiff is directed to submit with the Clerk of Court, **by no later than July 31, 2000**, a copy of his Complaint, and a completed United States Marshal Service Form, for the Defendant who is named in his Complaint.

Furthermore, while the Plaintiff has submitted an Application to proceed in forma pauperis, this Application is deficient in several key respects. In particular, the Application fails to list the amount of income which the Plaintiff receives from "Business, profession or other self-employment," or "[r]ent payments, interest or dividends," which are sources of income that he has indicated he does receive. Nor has the Plaintiff provided the name and address of his current employer, as he was directed to do on the Application provided by the Clerk of Court. Next, the Plaintiff has neglected to include, in his Application, the monetary value of the house, land, and automobile that he attests to owning. Lastly, the Plaintiff's Application reflects that the Plaintiff's wife, daughter, and "family members" are dependent upon him for support. The Plaintiff has, however, failed to represent how much he contributes to his dependents' support. As a result of these

omissions, the Application provides an insufficient showing of the Plaintiff's financial status to allow us to make an informed judgment on his eligibility for pauper standing.

Moreover, in ruling on applications to proceed in forma pauperis, Courts may consider the income of interested persons, such as dependents and spouses, in evaluating the litigant's financial status. Monti v. McKeon, 600 F. Supp. 112, 114 (D. Conn. 1984), aff'd, 788 F.2d 1 (2nd Cir. 1985); Williams v. Spencer, 455 F. Supp. 205, 209 (D. Md. 1978). This is consistent with the purpose of the in forma pauperis Statute, which is to insure that litigants will not be deprived of access to Federal Court merely because of their economic circumstances. See, In re Williamson, supra at 1338-39; In re Smith, 600 F.2d 714, 715 (8th Cir. 1979). Thus, in determining whether an individual meets the economic eligibility criteria to gain in forma pauperis status, a Federal Court may demand more specific information, if necessary, for the proper assessment of the individual's financial status. Zaun v. Dobbin, 628 F.2d 990, 992-92 (7th Cir. 1980); Monti v. McKeon, supra at 113.

Accordingly, in order to insure that the privilege of proceeding without the prepayment of costs and fees, is not put to improper purposes, we direct the Plaintiff to provide this Court, **by no later than July 31, 2000**, with information as to the amount

of income which the Plaintiff receives from "Business, profession or other self-employment," and "[r]ent payments, interest or dividends," the name and address of his current employer, the monetary value of his house, land, and automobile, and the amount that he contributes to his dependents' support. In addition, by this same date, we direct the Plaintiff to provide this Court with more specific information concerning all of the sources of funds to his household, including -- but not limited to -- the income, savings, and assets of his dependents and his spouse.

In the event the Plaintiff fails to comply with any of the directives of this Order, the Court shall Recommend that this action be dismissed for failure of prosecution. See, Rule 41(b), Federal Rules of Civil Procedure. In the interests of an orderly disposition of this action, the Court will defer a ruling on the Plaintiff's Application to proceed *in forma pauperis*, until the Clerk of Court has received the Plaintiff's responses to the directives of this Order.

NOW, THEREFORE, It is --

ORDERED:

1. That, should the Plaintiff intend to pursue this action, he is directed to submit with the Clerk of Court a copy of his Complaint, and a completed United States Marshal Service Form, for the Defendant who is named in the Complaint, **by no later than July**

**31, 2000.** In addition, **by no later than July 31, 2000,** he is to provide the Court with more specific information as to the amount of income which the Plaintiff receives from "Business, profession or other self-employment," and "[r]ent payments, interest or dividends," the name and address of his current employer, the monetary value of his house, land, and automobile, and the amount that he contributes to his dependents' support. In addition, by this same date, we direct the Plaintiff to provide this Court with more specific information concerning all of the sources of funds to his household, including -- but not limited to -- the income, savings, and assets of his dependents and his spouse.

2. That, in the event the Plaintiff fails to comply with any of the directives of this Order, including the time limitation noted, the Court shall Recommend that this action be dismissed for failure of prosecution.

3. That the Clerk of Court shall not issue a Summons, nor deliver process to the United States Marshal for service upon the Defendants, until so directed by further Order of the Court.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE