UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Marshall Rinkenberger,

Plaintiff,

vs. ORDER

City of Clearwater,

Defendant. Civ. No. 00-1609 (RHK/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 17 day of May, 2001.

* * *

On April 2, 2001, the Plaintiff filed a Motion requesting the following relief:

> I make a motion to stop the Pretrial Order Procedure and to go to mediation with the judge as mediator with the following settlement. If the City doesn't agree to this settlement, the mediator can ask what questions he has for both sides or question anyone to make a final decision and settlement, whether it be more or less.

Plaintiff's Motion to Stop Pretrial Order Procedure.

The Plaintiff's Motion then sets out his settlement request, which includes reinstatement to his position on the City of Clearwater Fire Department, and $500.00 per year, for the last four years, in lost wages. Id. The Plaintiff's basis for this request is that he

FILED MAY 17 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

is, assertedly, unable to afford legal counsel, and he believes justice would be better served by following this procedure. Id.

The Defendant, however, has made it clear that it does not wish to participate in a Settlement Conference, as it regards the Plaintiff's claims as meritless. See, Defendant's Objection/ Response to Plaintiff's Motion Regarding the Pretrial Order and Mediation, at 2. Given this divergence in views, we find no purpose to be served in forcing a settlement approach that one party regards as unworkable, and unacceptable. While, ultimately, we will compel a Settlement Conference, this case is in its infancy, and discovery, which may be critical to a settlement, has yet to be completed. More importantly, the Plaintiff's Motion implies an ability, on the part of the Court, to compel not only a Settlement Conference, but also a settlement. We have no authority, however, to preclude a party's desire to have his or her case tried to a conclusion. Until the prospect of an early Settlement Conference appears to be anything but futile, we refuse to engage in a waste of the Court's, and the parties', time and money so as to attempt to do the impossible. Therefore, we deny the Plaintiff's Motion.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's Motion to Stop the Pretrial Order Procedure [Docket No. 22] is DENIED.

BY THE COURT:

Raymond L. Erickson

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE