UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Marshall Rinkenberger,

Plaintiff,

vs. MINUTE ORDER

City of Clearwater,

Defendant. Civ. No. 00-1609 (RHK/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 30th day of August, 2001.

* * *

On August 30, 2001, the Court heard argument on the parties' informal dispute, which arose during the Plaintiff's deposition. For these purposes, the Plaintiff appeared pro se, and the Defendant appeared by Julie Fleming-Wolfe, Esq.

At the time of the Hearing, the parties were conducting a deposition. The deposition was duly noted to be taken by a Court Reporter. See, Rule 30(b)(2), Federal Rules of Civil Procedure ("The party taking the deposition shall state in the notice the method by which the testimony shall be recorded."). However, at the beginning of the deposition, the Plaintiff expressed his desire to audiotape the deposition as well, apparently for his own records. The Defendant objected to the audiotaping, as the Plain-

(32)

FILED AUG 3 0 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

tiff provided no notice of such a procedure,[1] and there was a concern as to the willingness of the Court Reporter to stenographically transcribe the deposition. As we noted during the Hearing, the deposition was noticed to be taken by a Court Reporter, and the Court Reporter's transcript will be the official record of the questions asked, and answers given, and we are unaware of any authority of a Court Reporter to countermand the Federal Rules of Civil Procedure, or an Order of this Court. We have found no authority which would prohibit the Plaintiff from audiotaping his own deposition, for his own records, and the Defendant draws none to our attention. If the conduct of the deposition would be inconvenienced by the taperecording process, a different issue would be presented, but no such showing has been made. Therefore, the Plaintiff may audiotape his own deposition, for his own records.

NOW, THEREFORE, It is --

---

[1]As the Defendant points out, Rule 30(b)(3) provides that "[w]ith prior notice to the deponent and other parties, any party may designate another method to record the deponent's testimony in addition to the method specified by the person taking the deposition." However, in this case, the Plaintiff is merely recording the deposition for his own use, not as a substitute, or a supplement to, the Court Reporter's transcript. Accordingly, we renew our advisory to the Plaintiff, that the offer of such a taperecording, in lieu of the Court Reporter's transcript, for any official purpose will require a showing of justification.

ORDERED:

That the Defendant's informal Motion to prohibit the Plaintiff from audiotaping his own deposition is DENIED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE